[No. 36404. Department Two. March 7, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. RALPH TATUM, *Appellant*.*

*Ralph Tatum*, pro se.

*Roger L. Olson*, for respondent.

DONWORTH, J.—This is an appeal from a corrected judgment and sentence entered by the Superior Court of Franklin County following this court's order of November 15, 1961.

*Reported in 379 P. (2d) 372.

The sequence of events in Franklin County Cause No. 1868, which has twice been before the superior court and is now before this court for the third time, can be summarized as follows:

March 16, 1959, an information was filed charging appellant, Ralph Tatum, with the crime of first-degree forgery. Upon this charge, there was a trial before a jury, which rendered a verdict of guilty. On October 2, 1959, before judgment and sentence were entered, a supplemental information with the same cause number was filed charging appellant with the *crime* of being an habitual criminal. Upon this charge, appellant waived his right to a jury trial and the matter was heard before the court, which found him "guilty of the crime of being an habitual criminal."

October 20, 1959, appellant was adjudged guilty of the crimes as charged in the information and supplemental information and sentenced to life imprisonment. An appeal from this judgment was taken which resulted in an affirmance. *State v. Tatum,* 58 Wn. (2d) 73, 360 P. (2d) 754 (1961). The errors assigned in that appeal related solely to the forgery conviction.

Appellant subsequently applied to this court for a writ of habeas corpus, alleging that he was being unlawfully imprisoned pursuant to the nonexistent crime of being an habitual criminal. Upon consideration of the petitioner's application, the following finding and order was made on November 15, 1961:

"The court now finds:

"1. The petitioner was improperly sentenced to life imprisonment in the Washington State Penitentiary pursuant to the crime of BEING AN HABITUAL CRIMINAL.

"Now THEREFORE IT IS HEREBY ORDERED that the Superintendent of the Washington State Penitentiary deliver the petitioner, RALPH TATUM, into the custody and care of Franklin County for resentence by the Superior Court for Franklin County, Washington for the crime of FORGERY IN THE FIRST DEGREE, *taking into consideration the finding*

*that the petitioner is an Habitual Criminal. . . ."* (Italics ours.)

 It is well established that being an habitual criminal is a status and not a crime, and that judgment and sentence entered for the *crime* of being an habitual criminal are void. *State v. King,* 18 Wn. (2d) 747, 140 P. (2d) 283 (1943); *In re Towne,* 14 Wn. (2d) 633, 129 P. (2d) 230 (1942). Although appellant was sentenced for both the crime of first-degree forgery and of being an habitual criminal, a single sentence was imposed for the two purportedly substantive offenses and such sentence is not divisible into valid and void components. When an individual has been properly convicted of a substantive crime but without having had a valid sentence imposed, the proper procedure is to remand to the trial court for resentencing. However, in entering the italicized portion of the above order, we failed to take cognizance of our holding in *In re Frye v. Delmore,* 47 Wn. (2d) 605, 288 P. (2d) 850 (1955). It was the express holding of this court in that case that an individual's status as an habitual criminal cannot be founded upon the conviction of the nonexistent crime of being an habitual criminal. We stated at page 606 of that decision:

"As above stated, petitioner was (in cause No. 248) charged with the *crime* of being an habitual criminal and was convicted of that charge. We find nothing in the record to substantiate respondent's contention that the petitioner has been convicted of having the *status* of being an habitual criminal. As was recognized in *State v. West,* 197 Wash. 595, 86 P. (2d) 192, the prosecuting attorney has the power to elect to charge, or not to charge, an individual, falling within that category, with the status of an habitual criminal. No cases have been called to our attention in support of the proposition that one's *status* as an habitual criminal can be founded upon a conviction of the nonexistent *crime* of being an habitual criminal. Since a conviction of guilty of the *crime* of being an habitual criminal and the judgment and sentence had thereon are void, they must also be void for all purposes. . . ."

■ In the instant case the trial court, in entering the corrected judgment, relied upon the conviction of the *crime* of being an habitual criminal as having established appellant's *status* as an habitual criminal. The prosecuting attorney did move to amend the supplemental information "to conform to the proof" by changing the word "crime" to "status" by interlineation, which motion was granted. It is manifest that our holding in *In re Frye v. Delmore, supra,* cannot be circumvented in this manner. Appellant requested that he be rearraigned on the amended supplemental information and that request should have been granted. Error is properly assigned to the refusal to rearraign appellant. In regard to other assignments of error made by appellant, we find that they are without merit and do not warrant discussion.

■ In view of the wording of our order of November 15, 1961, the prosecuting attorney of Franklin County may have been of the opinion that appellant had to be resentenced as an habitual criminal. As is pointed out in the quotation from *In re Frye v. Delmore, supra,* the prosecuting attorney has the power to charge or not to charge an individual with the status of being an habitual criminal. Furthermore, if such a charge is made, appellant has a right to enter a plea to it and to have the court or a jury make a proper finding.

For the reasons previously stated, appellant must again be sent back to Franklin County and be brought before the superior court for resentencing.[1]

IT IS ORDERED That, promptly upon the filing of this opinion and order, the superintendent of the state penitentiary shall deliver appellant into the custody of the sheriff of Franklin County, so that appellant can forthwith be brought before the superior court in and for Franklin County for the imposition of a corrected judgment and

---

[1] Although an individual properly should remain in the custody of the sheriff in the county jail pending a criminal appeal, appellant asserts in his brief that he has been returned to, and now is, in the custody of the superintendent of the state penitentiary.

sentence in Franklin County Cause No. 1868, for the crime of first-degree forgery;

It Is Further Ordered That the prosecuting attorney of Franklin County, within 10 days after appellant is placed in the custody of the sheriff of Franklin County, may commence a proceeding in the superior court of that county for the purpose of establishing appellant's status as an habitual criminal in connection with the conviction of first-degree forgery in cause No. 1868; Provided, however, if said proceeding is so commenced, it shall be diligently, and with dispatch, prosecuted to a final determination;

It Is Further Ordered That, if said proceeding to establish appellant's status as an habitual criminal is commenced within the time limit prescribed above, a corrected judgment and sentence in cause No. 1868 for the crime of first-degree forgery shall be entered in accordance with the final determination of that proceeding; Provided, however, that the complete and final determination of such proceeding must be had, and the corrected judgment and sentence in cause No. 1868 for the crime of first-degree forgery pursuant thereto must be made and entered within 30 days after the date on which the superintendent of the state penitentiary places appellant in the custody of the sheriff of Franklin County, unless delayed by acts of the appellant;

It Is Further Ordered That, if said proceeding to establish appellant's status as an habitual criminal is not commenced within the time limit prescribed above, then a corrected judgment and sentence in cause No. 1868 for the crime of first-degree forgery shall be made and entered within 15 days after the date on which the superintendent of the state penitentiary places appellant in the custody of the sheriff of Franklin County;

It Is Further Ordered That, whatever term of imprisonment is ordered pursuant to the corrected judgment and sentence entered in cause No. 1868 for the crime of first-degree forgery, whether a proceeding to establish appellant's status as an habitual criminal is had or not, shall be deemed to have commenced on October 20, 1959 (that

being the date of the original judgment and sentence en · tered in cause No. 1868).

IT IS FURTHER ORDERED That, in the event judgment and sentence in cause No. 1868 be not entered in the manner and within the time limit herein provided, appellant may petition this court for a writ of habeas corpus;

IT IS FURTHER ORDERED That, upon the filing of this opinion, the clerk of this court shall, under caption of this cause, make and certify five copies of this order, and mail one copy thereof to appellant; one copy thereof to the county clerk of Franklin County; one copy thereof to the prosecuting attorney of Franklin County; one copy thereof to the sheriff of Franklin County; and one copy thereof to the superintendent of the state penitentiary.

OTT, C. J., FINLEY, HUNTER, and HAMILTON, JJ., concur.