[No. 42829.    En Banc.    January 24, 1974.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM MILTON BELL, *Respondent*.

*Christopher T. Bayley, Prosecuting Attorney,* and *Corydon J. Nelsen, Deputy,* for appellant.

*Williams, Lanza, Kastner & Gibbs,* by *Gerald A. Palm,* for respondent.

FINLEY, J.—The respondent, Dr. William M. Bell, was convicted of two counts of unlawfully selling dangerous drugs. The majority of a panel of the Court of Appeals reversed the trial court upon the basis of an inappropriate jury instruction. *State v. Bell,* 8 Wn. App. 670, 508 P.2d 1398 (1973). The state, as a matter of right pursuant to ROA II-2, appeals that decision.

Dr. Bell, at the time of his arrest, conducted his practice as an osteopathic physician in Seattle. On March 1, 1971, two police officers in street dress visited his office and asked for diet pills by the trade name Bamadex. The officers were asked if they were patients, and they replied in the affirmative. Dr. Bell then sold each of them 30 tablets of the diet pills for $5. One of the ingredients in Bamadex is an amphetamine which is a dangerous drug regulated by the provisions of RCW chapter 69.40. Dr. Bell was charged with the sale of dangerous drugs and arrested on March 9, 1971. On July 27, 1971, he was brought to trial in Superior Court for King County.

In effect at the time of the alleged sale was RCW 69.40.060 (repealed May 21, 1971), which reads in pertinent part:

> It shall be unlawful for a person, . . . to sell, . . . any of the foregoing substances, . . . or any other drug which is required by any applicable federal or state law or federal regulation . . . to be used only on prescription, *except upon the written or oral order or* [sic] *prescription of a physician,* . . . and shall not be refilled without the written or oral order of the prescriber: *Provided,* That the provisions of this section shall not apply to the sale at wholesale by drug jobbers, . . . or to physicians . . . licensed to practice in this state.

(Italics ours.) Also in effect was RCW 69.40.064:

A prescription, in order to be effective in legalizing the possession of dangerous drugs, must be issued for a *legitimate medical purpose* by one authorized to prescribe the use of such dangerous drugs. An order purporting to be a prescription issued to an addict or habitual user of dangerous drugs, not in the course of professional treatment is not a prescription within the meaning and intent of this section; and the person who knows or should know that he is filling such an order, as well as the person issuing it, may be charged with violation of this chapter. A legitimate medical purpose shall include use in the course of a bona fide research program in conjunction with a hospital or university.

(Italics ours.)

In the intervening period between the drug sale and trial, the Uniform Controlled Substances Act, RCW chapter 69.50, came into effect on May 21, 1971. A section thereof, RCW 69.50.308 reads in pertinent part:

(a) Except when dispensed directly by a practitioner authorized to prescribe or administer a controlled substance to an ultimate user, no controlled substance in Schedule II may be dispensed without the written prescription of a practitioner.

(d) *A valid prescription or lawful order of a practitioner, in order to be effective in legalizing the possession of controlled substances, must be issued in good faith for a legitimate medical purpose by one authorized to prescribe the use of such controlled substance. An order purporting to be a prescription not in the course of professional treatment is not a valid prescription or lawful order of a practitioner within the meaning and intent of this chapter; and the person who knows or should know that he is filling such an order, as well as the person issuing it, can be charged with a violation of this chapter.*

(Italics ours.)

The respondent contends and it seems to us that the effect of instruction No. 9, given to the jury by the trial court, approximated and may have been worded in terms of the requirements of the newer statute, RCW 69.50.308 (which was not in effect at the time of the alleged offense),

rather than in terms of the requirements of RCW 69.40.060 and RCW 69.40.064 which were in effect when the alleged offense occurred on March 1, 1971. An exception to instruction No. 9 was taken in behalf of Dr. Bell on the ground that it imposed more stringent requirements than were legally appropriate relative to the dispensing of dangerous drugs. The language of the trial court's instruction No. 9 stated:

> Under the laws of the State of Washington, sale or dispensing of a dangerous drug is a crime, except upon the written or oral order or prescription of a physician, surgeon, dentist, or veterinary surgeon duly licensed to practice in the State of Washington.
>
> However, a physicain [sic] may sell or dispense dangerous drugs if in good faith and in the course of his professional practice for theraputic [sic] purposes only.

A panel of the Court of Appeals, per Callow, J., found that the above instruction did indeed impose an impermissibly stricter standard than that required by RCW chapter 69.40 as codified at the time of the alleged sale. Thus, the Court of Appeals reversed and remanded for a new trial with jury instructions to be appropriately guided by RCW chapter 69.40 as formerly constituted.

In his dissent, Judge Williams of the Court of Appeals persuasively reasoned that RCW 69.40.060 and RCW 69.40.064 should be read in pari materia. He stated:

> Basically, the question is: Did the legislature in enacting RCW 69.40, entitled "Poisons and Dangerous Drugs," intend to except physicians from the prohibition of dispensing dangerous drugs absolutely, or did it except physicians from the prohibition only if the drugs were dispensed in good faith in the course of professional practice for therapeutic purposes?
>
> The purpose of RCW 69.40 is plain enough; it is to regulate the sale of dangerous drugs. In so doing, the legislature gave certain powers to allow physicians and others to prescribe and dispense drugs in the course of professional treatment for legitimate medical purposes.
> . . .

Bell contends that the language of [RCW 69.40.064], or

words of similar impact, may not be used in the instruction because he was only charged with violating [RCW 69.40.060] . . . I do not agree, because the rule as stated in *State v. Houck*, 32 Wn.2d 681, 684, 203 P.2d 693 (1940) is:

> Statutes in *pari materia* must be construed together. Statutes in *pari materia* are those which relate to the same person or thing, or the same class of persons or things; and in construing a statute, or statutes, all acts relating to the same subject matter or having the same purpose, should be read in connection therewith as together constituting one law. The object of the rule is to ascertain and carry into effect the intent of the legislature, and it proceeds upon the supposition that the several statutes having to do with related subject matters were governed by one spirit or policy, and were intended to be consistent and harmonious in their several parts and provisions.

*Accord, State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957); *In re Cress,* 13 Wn.2d 7, 123 P.2d 767 (1942); *see also Beach v. Board of Adjustment,* 73 Wn.2d 343, 438 P.2d 617 (1968).

*State v. Bell, supra* at 677-79.

The evaluation of Judge Williams on this point in the above-referenced dissent is analytically interesting and engaging. The italicized portions of RCW 69.40.060 would indicate that the sale of dangerous drugs is restricted to those sold pursuant to the written or oral order of prescription of a physician. Furthermore, a valid prescription under RCW 69.40.064 is one issued for a *legitimate medical purpose.* Thus, when read in conjunction, the statutes would seem to indicate that a physician may lawfully issue a prescription only when it is issued in furtherance of a *legitimate medical purpose.*

The italicized provisions of RCW 69.50.308 (d) require that the dispensation of controlled substances must not only be for a legitimate medical purpose, but in addition, must be issued in good faith and in the course of the practitioner's professional practice. Thus, if the words "for therapeutic purposes" can be fairly equated to "legitimate medical purpose," jury instruction No. 9 substantially re-

iterates the threefold requirements of RCW 69.50.308. In this regard we note that in its brief, the state concedes that it would have been preferable if the trial court had couched its instruction in the provisions of RCW chapter 69.40 as of March 1, 1971, but argues that the oversight of the trial court was not reversible error.

In essence, the dissenting opinion of Judge Williams suggests that the requirements added by RCW 69.50.308 of *good faith* and *in the course of the practitioner's professional practice* may be subsumed and should be included in a pari materia reading of RCW 69.40.060 and RCW 69.40.064. Were this not a criminal prosecution, we might be inclined to agree that possibly the legislature had *sub silentio* intended that the sale of dangerous drugs must be made in good faith by physicians in the course of their professional practice. While such an interpretation of the provisions of RCW chapter 69.40 is legalistically possible, such a reading would be an extreme and unwarranted construction of the literal meaning of the applicable statutory provisions. We think fundamental fairness in a criminal case dictates against such a possible but strained interpretation. Therefore, we think with proper judicial restraint we must constrain ourselves and the trial court to a literal and strict interpretation of the criminal statutes applicable in this case at the time of trial. *See* 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 19 (1957, Supp. 1973). For the reasons indicated, instruction No. 9, approximating the more specific restrictions upon physicians contained in the language of RCW 69.50.308, the new statute not yet in effect, constituted reversible error. Upon retrial, an appropriate instruction should be given employing or closely approximating the language of RCW 69.40.060 and RCW 69.40.064.

With regard to the remaining issues raised in this appeal, we adopt as correctly dispositive, the majority opinion of the Court of Appeals as follows:

Error is assigned to the failure to give the following proposed instruction:

There is no statutory requirement under the laws of the State of Washington that a physician examine a person before administering, prescribing, or selling drugs to said person.

You are further instructed that a prescription for drugs is not required. Drugs may be sold upon the written or oral order of a physician, surgeon, dentist or veterinary surgeon, duly licensed to practice in the State of Washington.

A trial court is not required to give negative instructions as to matters that will not support a conviction in a criminal case. It is unnecessary to explain those things which will *not* constitute a crime, though a court may do so in the interest of clarity. *State v. Brooks,* 73 Wn.2d 653, 440 P.2d 199 (1968); *State v. Harvey,* 57 Wn.2d 295, 356 P.2d 726 (1960); *State v. Hannigan,* 3 Wn. App. 529, 475 P.2d 886 (1970). If this proposed instruction had been given, it would have afforded further enlightenment to the jury and afforded assistance to the defendant in clearly presenting his theory of the case; however, it did not constitute prejudicial error to refuse it.

The state introduced evidence that one of the defendant's assistants previously had sold drugs illegally in his office. This evidence could be relevant to show the absence of accident or mistake or a common scheme or plan if participation by the defendant in these acts was shown and was necessary to prove an essential element of the crime charged. *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). Since a retrial is necessary, the trial court will be in the preferable position at that time to evaluate whether the evidence then proffered meets the criteria for the admission of evidence of this kind as specified by *State v. Goebel, supra.*

It was not error to permit the criminologist from the laboratory of the police department to testify to the medical use of the drug for diet control. The decision as to the qualifications of a witness to testify as to a particular matter is within the sound discretion of the trial court. There was no abuse of that discretion. *State v. Tatum,* 58 Wn.2d 73, 360 P.2d 754 (1961); *State v. Stringer,* 4 Wn. App. 485, 481 P.2d 910 (1971); 2 J. Wigmore, *Evidence* § 555 (3d ed. 1940).

Assignments of error are raised which challenge the trial court's denial of motions made at the completion of

all testimony. The evidence was sufficient to present the case to the jury for decision.

*State v. Bell, supra* at 675-76.

The majority opinion of the Court of Appeals is affirmed and the cause remanded for retrial. It is so ordered.

HALE, C.J., and ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.