[No. 3136-43325-1.   Division One.   December 23, 1974.]

THE STATE OF WASHINGTON, *Petitioner*, v. LEONARD EARL
BUTTERFIELD, *Respondent*.
THE STATE OF WASHINGTON, *Petitioner*, v. THOMAS FREDRICK
MINTLE, *Respondent*.

*Christopher T. Bayley, Prosecuting Attorney*, and *Corydon J. Nelsen, Deputy*, for petitioner.

*Peter Berzins* and *Kenneth E. Kanev*, for respondents.

PER CURIAM.—This matter comes before the court on applications by the State for writs of certiorari to review orders of the Superior Court granting deferred sentences following convictions of a felony with a special finding that the defendants were armed with a deadly weapon at the time of the commission of the offense.

The pertinent facts for purposes of this review are as follows: Defendant Butterfield was found guilty by a jury of assault in the second degree with a special verdict that the defendant was armed with a deadly weapon. Defendant Mintle pleaded guilty to the crime of manslaughter while armed with a deadly weapon.

RCW 9.95.015 provides:

In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, . . .

RCW 9.95.040 provides in part:

The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

. . .

The words "deadly weapon," as used in this section include, . . . [any] pistol, revolver, or any other firearm, . . .

RCW 9.41.025 states in part:

Any person who shall commit or attempt to commit any felony, . . . while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, *which sentence shall not be suspended or deferred;*

(Italics ours.)

The trial court concluded that although RCW 9.41.025 appears mandatory, the trial court acting in good faith has the discretion to either suspend or defer imposition of sentence when a special finding has been entered that the accused was armed with a deadly weapon at the time of the commission of the crime. We disagree.

■ In the case of *State ex rel. Woodhouse v. Dore*, 69 Wn.2d 64, 69, 416 P.2d 670 (1966), our Supreme Court held that:

The power to defer imposition of sentence, as with the power to suspend, must come expressly from the legislature. Power to defer imposition of sentence has been granted explicitly to the superior courts in RCW 9.95.200, 9.95.210, and power to suspend sentence vested in all courts in RCW 9.92.060, none of these being inherent in the courts but rather deriving from powers granted by the legislature.

■ The power to suspend or defer imposition of sentence must be granted by the legislature. The legislature has the power to modify the sentencing powers of the trial court and has done so by enactment of RCW 9.41.025. In this instance, the legislature has made a positive mandate that in cases wherein there is a special finding either by the court or jury that the accused was armed with a deadly weapon at the time of the commission of the crime, the trial court does not have discretion to suspend or defer the sentence. The cause is remanded to the Superior Court with directions to impose sentence upon the defendants, Butterfield and Mintle, pursuant to the statutes set forth above and this opinion.

Petition for rehearing denied February 18, 1975.

Review denied by Supreme Court April 29, 1975.