[No. 7073-8-I. Division One. December 22, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. DARLENE WINONA SULLIVAN, *Appellant.*

*Charles Wagg,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Conklin, Deputy,* for respondent.

DURHAM, J.—Defendant appeals her conviction on two counts of forgery relating to the unauthorized use of a Master Charge card.

On April 13, 1978, the défendant, Darlene Winona Sullivan, and her brother, Darrel Jarvis Johnson, checked into the Edgewater Inn in Seattle. The brother signed the guest registration form as "Kris Kinsella," giving Sullivan's Tacoma address. When the desk clerk asked the couple how they would be paying their bill, the brother, in Sullivan's presence, presented a Master Charge card bearing the name "Kristen L. Kinsella" to the desk clerk, who imprinted the card upon a typical Master Charge receipt form. Kinsella, whose wallet containing her Master Charge card had disappeared the month before, had not authorized either Sullivan or her brother to use her name or her Master Charge card.

Hotel officials became suspicious when the couple ran up a large bill within a short period of time, and they called the police. Sullivan was arrested in the hotel lobby, where she identified herself as Kristen Kinsella. Police then went to the couple's room where they found two men and two male juveniles; they arrested Sullivan's brother when he pulled the Kinsella Master Charge card from his wallet.

Sullivan was charged with two counts of forgery, a class C felony, under RCW 9A.60.020(1)(b). Count 1 relates to her attempt to charge a $13 bill in the hotel's beauty salon; count 2 relates to the Master Charge receipt form that was to be used for billing all of the couple's hotel charges. At the nonjury trial, defense counsel moved for dismissal after the State had rested its case on the grounds that the State had failed to prove a connection between Sullivan and the stolen credit card. The trial court denied the motion and convicted defendant on both counts.

Defendant's sole contention upon appeal is that the trial court erred in denying her motion to dismiss. Both counts charged Sullivan with violating RCW 9A.60.020(1)(b), which provides, in pertinent part:

(1) A person is guilty of forgery if, with intent to injure or defraud:

. . .

(b) He possesses, utters, *offers,* disposes of, or puts off as true a written instrument[1] which he knows to be *forged.*

(Italics ours.) We believe that the State failed to prove either an offer or a forgery,[2] and that Sullivan's convictions must be reversed.

 Ambiguous criminal statutes are to be construed against the State and in favor of the accused. *State ex rel. McDonald v. Whatcom County District Court,* 92 Wn.2d 35, 593 P.2d 546 (1979). Furthermore, any doubts in construing a penal statute must be resolved against including borderline conduct. *State v. Lundell,* 7 Wn. App. 779, 503 P.2d 774 (1972). Absent a statutory definition of "offer," *see* RCW 9A.60.010 and RCW 9A.56.010, we resort to the ordinary dictionary definition of "offer," defined, in pertinent part, as: "to present for acceptance or rejection". *Webster's Third New International Dictionary* (1976).

---

[1]A credit card is a "written instrument." RCW 9A.60.010(1)(b).

[2]No evidence showed that any other language in RCW 9A.60.020(1)(b) applies in this case.

Neither of the two "offers" before us were made by the defendant, but by persons other than the defendant. Although defendant identified herself as "Miss Kinsella" at the beauty shop, it was a youth she had summoned by telephone who presented a Master Charge card[3] to the beauty operator. Similarly, defendant merely stood near her brother, without signing or saying anything, when he presented the Kinsella charge card to the hotel desk clerk. Inasmuch as defendant personally made no offer, she cannot be held legally accountable under the charging statute for offers made by other persons.[4] In the criminal context, the ordinary meaning of the word "offer" cannot be broadened to include a concept of "constructive offer" unless our statutes specifically so provide.

The State also failed to prove a forgery with respect to the defendant. A forged instrument is a written instrument that has been "falsely made, completed or altered." RCW 9A.60.010(7). The only category applicable here is "falsely make," which is defined as follows:

(4) To "falsely make" a written instrument means to *make or draw* a complete or incomplete written instrument which purports to be authentic, but which is not authentic either because the ostensible maker is fictitious or because, if real, he did not authorize the making or drawing thereof;

(Italics ours.) RCW 9A.60.010(4). No evidence showed that defendant ever signed a Master Charge slip using another person's name.[5] "Forgery requires a false making, not just a

---

[3]The charge card may not even have been Kinsella's. The beauty operator testified she did not look at the name on the Master Charge card, but rejected it immediately because the salon did not accept Master Charge.

[4]Defendant was not charged as an aider or abetter, which might have subjected her to accomplice liability. *See* RCW 9A.08.020(1), (2)(c), (3)(a)(i) and (ii).

[5]Neither forgery charge concerns a hotel bar check admitted into evidence, which the defendant had signed as "K. Kincella" [*sic*] from room 217. Under the new statute, this slip may have been a false making. It is unconnected, however, with any unauthorized use of the credit card upon which defendant's charges are based.

false representation." *State v. Marshall,* 25 Wn. App. 240, 241, 606 P.2d 278 (1980) (construing former forgery statute). Even a signature that purports to be exactly what it is does not constitute forgery simply because it is unauthorized. *State v. Mark,* 94 Wn.2d 520, 618 P.2d 73 (1980) (construing former forgery statute). The State has failed to show a false making with respect to the defendant.

Defendant's behavior at the hotel clearly exhibited an intent to deceive. She may have been found guilty of some other crime, but she was not guilty of forgery as charged.

Reversed.

JAMES, A.C.J., and DORE, J., concur.

Reconsideration denied February 2, 1981.