[No. 47080–4.  En Banc.  December 31, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT BIRD, ET AL, *Respondents.*

*Norm Maleng, Prosecuting Attorney,* and *Mark H. Sidran, Assistant Chief Criminal Deputy,* for appellant.

*Miriam Schwartz* of *Seattle–King County Public Defender Association,* for respondents.

WILLIAMS, J.—In this case, appellant State of Washington appeals orders by two King County Superior Court Judges suspending the commitment sentences of two juveniles. At issue is the question whether a trial court is vested with authority to suspend a disposition sentence of commitment in a juvenile offense proceeding under RCW 13.40.

Respondent Robert Bird, a juvenile, was charged by information with two counts of burglary in the second degree. He entered pleas of guilty to both charges. On February 19, 1980, the trial judge ordered Bird to be committed to the Department of Institutions for a term of 12 weeks; however, execution of the commitment was suspended subject to several conditions specified in the order.

Respondent Dale E. Turner, also a juvenile, was charged

with one count of burglary in the second degree. After a plea of guilty to the charge, the trial judge ordered him to be committed to the Department of Institutions for a term of 13 to 16 weeks. This commitment disposition was likewise suspended subject to several conditions. Appellant's motion for reconsideration of the suspended commitment in this case was denied by the trial judge on March 24, 1980.

On appellant's motion, the cases were consolidated on appeal to the Court of Appeals. On respondents' motion to transfer, this court granted direct review.

██ There is no dispute that the trial court lacks inherent authority to suspend a sentence. *State v. Gibson,* 16 Wn. App. 119, 127–28, 553 P.2d 131 (1976). The power to suspend a sentence or defer imposition or execution must be granted by the legislature. *State ex rel. Woodhouse v. Dore,* 69 Wn.2d 64, 69, 416 P.2d 670 (1966); *State v. Butterfield,* 12 Wn. App. 745, 747, 529 P.2d 901 (1974).

Statutory authority to suspend sentences is granted by RCW 9.92.060, which provides in pertinent part:

> Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court . . .

It has been held that the discretionary authority to suspend a sentence is not precluded by a defendant's conviction as a habitual criminal under RCW 9.92.090. *Gibson,* at 126–27. After being convicted of taking a motor vehicle without permission, defendant was adjudged a habitual criminal and was sentenced to life, as required by the mandatory language of the habitual criminal statute. *Gibson,* at 122. On appeal, defendant argued that the trial court has the authority to suspend a life sentence under RCW 9.92-.060. The Court of Appeals agreed:

> The sentence is mandatory, but we find no authority which precludes a subsequent suspension of the execution of the sentence by the trial judge.
>
> . . .
>
> . . . Nor is there any language in the statute from which to conclude that the discretionary power to suspend is lost once a defendant has been adjudged a habitual criminal. The habitual criminal statute does not contain such language. RCW 9.92.090. Finally, the statute which prescribes the penalty for taking and riding in a motor vehicle contains no language restricting the trial judge's discretionary power. RCW 9.92.010.
>
> Literal and strict interpretation must be given criminal statutes. *State v. Bell,* 83 Wn.2d 383, 518 P.2d 696 (1974). . . . Had the legislature intended to except the discretionary power to suspend in cases where a defendant had been adjudged a habitual criminal, it could have done so as it did in RCW 9.41.025, relating to penalties to be imposed for resisting arrest while armed with a firearm or for the commission of an inherently dangerous crime while armed with a firearm.

(Citation omitted.) *Gibson,* at 126–27.

The legislature is undoubtedly empowered to limit the authority of the courts to suspend a sentence or to defer imposition or execution of the sentence. One such specific limitation is contained in the firearm enhancement statute, RCW 9.41.025, which reads in part:

> Any person who shall commit or attempt to commit any felony, . . . while armed with, or in the possession of any firearm, *shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:*
>
> (1) For the first offense the offender shall be guilty of a felony *and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;*

(Italics ours.)

In *Butterfield,* the trial court deferred imposition of a sentence following a conviction of a felony with a special finding that the defendants were armed with a firearm at

the time the crime was committed. The Court of Appeals reversed, explaining that:

> The power to suspend or defer imposition of sentence must be granted by the legislature. *The legislature has the power to modify the sentencing powers of the trial court and has done so by enactment of RCW 9.41.025. In this instance, the legislature has made a positive mandate that* in cases wherein there is a special finding either by the court or jury that the accused was armed with a deadly weapon at the time of the commission of the crime, *the trial court does not have discretion to suspend or defer the sentence.*

(Italics ours.) *Butterfield,* at 747. *Accord, Mercer Island v. Walker,* 76 Wn.2d 607, 458 P.2d 274 (1969). *Cf. State v. Burroughs,* 113 N.H. 21, 25, 300 A.2d 315 (1973) (holding that language in a driving while intoxicated (DWI) statute requiring a mandatory sentence did not prevent a trial court from exercising its "well–established discretionary authority to suspend" sentences in the absence of clear language prohibiting suspension or deferral).

It is clear, therefore, the legislature has seen fit to provide for mandatory sentences which are not subject to suspension in certain circumstances. RCW 9.41.025; RCW 46.61.515 (providing for a mandatory 1–day jail sentence, not subject to suspension, for violation of the DWI statutes). A strict interpretation of the criminal statutes would accordingly require that the legislature make explicit any exceptions from the suspended sentencing statute, RCW 9.92.060. *See State v. Bell,* 83 Wn.2d 383, 518 P.2d 696 (1974); *State v. Gibson, supra.*

Appellant contends, however, that the recent Juvenile Justice Act of 1977, RCW 13.40, is a comprehensive scheme for the disposition of juvenile offenders. *State v. Lawley,* 91 Wn.2d 654, 591 P.2d 772 (1979); *see especially* RCW 13.40-.160(4). Since there is no provision for the suspending of sentences anywhere in the new statute, appellant argues that judges have no authority to suspend under RCW 9.92-.060.

Assuming, without deciding, the correctness of appellant's assertion that RCW 13.40 is a carefully designed comprehensive scheme, it is nonetheless clear that the legislature did not *exclude* the possibility of suspended or deferred sentences. Under the reasoning of *Walker, Gibson,* and *Butterfield,* the legislature must specifically exclude the possibility of suspension in order to prevent application of RCW 9.92.060.

Appellant argues, however, that RCW 9.92.060 applies only to those *convicted of a crime* (excluding certain crimes not pertinent here). Citing this court's decision in *In re Frederick,* 93 Wn.2d 28, 604 P.2d 953 (1980), appellant contends that a juvenile offense which would be a crime if committed by an adult is not a crime under RCW 13.04-.240. In *Frederick,* a juvenile offender was charged with first degree escape, an essential element of which is escape while being detained pursuant to a felony conviction. The court reasoned that an offense under RCW 13.40.020(14) is an act designated a crime *if committed by an adult,* but that an adjudication of delinquency cannot be deemed a conviction of crime. RCW 13.04.240 (originally enacted in 1961 and not repealed by the revisions to the Basic Juvenile Court Act, RCW 13.04, in 1977). Accordingly, the juvenile offender in *Frederick* could not be convicted of first degree escape because he was not being detained pursuant to a *felony* conviction. It follows, appellant urges, that RCW 9.92.060 is by its terms inapplicable in the present case.

Juvenile offenses have been treated as analogous to crimes in certain situations, however. For example, the Court of Appeals has held that the compromise of misdemeanors statute, RCW 10.22, applies to juvenile offenses as well as to adult misdemeanors.[1] *State v. Norton,* 25 Wn.

---

[1]The relevant portions of RCW 10.22 read as follows:

"When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020, except when it was committed:

App. 377, 606 P.2d 714 (1980). Looking to the purpose of the compromise of misdemeanors statute, and to the purpose of RCW 13.40, the court explained:

> The essence of the compromise of misdemeanors statute is restitution to crime victims and avoidance of prosecution for minor offenders. These functions are consistent with the purposes of the Juvenile Justice Act of 1977, specifically RCW 13.40.010(2)(g) and (h). *Because the purposes of the two statutes are consistent, we hold that where, as here, an offense designated a misdemeanor under the adult criminal statutes is used to invoke the jurisdiction of the juvenile court, the compromise of misdemeanors statute, RCW 10.22, may be applied in juvenile proceedings.*

(Footnote omitted. Italics ours.) *Norton,* at 380.

The same analysis is applicable here. The purpose of a suspended sentence is to order an appropriate disposition with clear conditions, which, if violated, empowers the court to commit the offender. *See State v. Burroughs, supra.* Among the purposes of RCW 13.40 are to:

> (d) Provide for punishment commensurate with the age, crime, and criminal history of the juvenile offender;
>
> . . .
>
> (g) Provide for the handling of juvenile offenders by communities whenever consistent with public safety;

RCW 13.40.010(2)(d) and (g). A suspended sentence is consistent with these purposes. In the absence of language to the contrary, therefore, the reasoning of *Norton* permits the trial court to suspend sentences under RCW 13.40.

It may be noted in addition that being adjudged a habitual criminal under RCW 9.92.090 is not a crime. *State v.*

---

"(1) By or upon an officer while in the execution of the duties of his office.

"(2) Riotously; or,

"(3) With an intent to commit a felony." RCW 10.22.010.

"In such case, if the party injured appear in the court in which the cause is pending at any time before the final judgment therein, and acknowledge, in writing, that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be discontinued and the defendant to be discharged. The reasons for making the order must be set forth therein and entered in the minutes. Such order is a bar to another prosecution for the same offense." RCW 10.22.020.

*Gibson,* 16 Wn. App. 119, 126, 553 P.2d 131 (1976). *State v. Tatum,* 61 Wn.2d 576, 379 P.2d 372 (1963). Yet, it has been specifically held that the life sentence under the habitual criminal statute may be suspended pursuant to RCW 9.92-.060. Thus, for some purposes, offenses not explicitly designated as crimes by RCW 9.92.090 may be treated like crimes for purposes of RCW 9.92.060. *State v. Gibson, supra. See State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980) (holding that the deadly weapon enhancement statute, RCW 9.95.040, requires proof beyond a reasonable doubt that defendant had a weapon at the time the offense was committed, even though possession of the weapon is not an element of the crime); *State v. Murdock,* 91 Wn.2d 336, 340, 588 P.2d 1143 (1979) (holding that every element in a habitual criminal proceeding must be established beyond a reasonable doubt). Thus, it may be seen that even though possession of a deadly weapon and habitual criminal status are not strictly "crimes", the court has treated them like crimes for purposes of RCW 9.92.060 and the standards of proof required. Such a treatment is reasonable where, as in those situations, the sanctions to be imposed are similar to those sanctions imposed for commission of a "crime".

Since a literal interpretation must be given to criminal statutes, *State v. Gibson, supra,* since the rule of lenity is applicable to problems of statutory construction of criminal statutes, *State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978), and since a suspended sentence does not appear to conflict with the purpose of RCW 13.40 as stated in RCW 13.40.010(2), we hold that RCW 9.92.060 is applicable to the present case.[2]

---

[2]In his able argument to this court, counsel for appellant contended that a suspended sentence may work an injustice to particular "middle–range" juveniles. *See* RCW 13.40.160(4). If the suspension is revoked for the juvenile's failure to comply with the terms of probation, and the court considers that failure in imposing sentence, it is argued, then the juvenile may be exposed to more onerous sanctions than would have been possible under the *act if the original sentence had* been imposed rather than suspended.

The orders appealed from are accordingly affirmed.

ROSELLINI, STAFFORD, HOROWITZ, and HICKS, JJ., concur.

DOLLIVER, J. (dissenting)—The majority fails to distinguish between the *commission* of a crime and the disposition to be made when one is found guilty of having committed a crime. An adult is *convicted* of having committed a crime. From that *conviction* will flow the results prescribed in the statutes, including the ability of a court to suspend the sentence. RCW 9.92.060.

To state as the majority does that juvenile offenses have been treated as analogous to adult crimes, while true, is irrelevant. The characteristics of the offense are not dependent upon the age of the offender. The character of the penalty, however, is dependent upon the age of the offender. The thrust of the Juvenile Justice Act of 1977 (RCW 13.40) is directed toward the kind of punishment to be meted out to the juvenile offender after the *commission* of the offense. In contrast to the language of the criminal code (*see, e.g.,* RCW 9.92), under which an offender found guilty of committing a crime is *convicted,* under the juvenile code:

> An order of court adjudging a child delinquent or dependent under the provisions of this chapter *shall in no case be deemed a conviction of crime.*

(Italics mine.) RCW 13.04.240.

"[A] juvenile has not committed a crime, including a felony, when he has committed an offense, 'an act designated as a crime *if committed by an adult.*'" *In re Frederick,* 93 Wn.2d 28, 30, 604 P.2d 953 (1980).

The majority position that the omission of provisions for a suspended sentence in the juvenile code should somehow bring RCW 9.92.060 into operation, both betrays its confusion between commission and disposition and completely

---

Even assuming without deciding that appellant's allegations are true, we believe these factual arguments are more appropriately made to the legislature, which possesses the resources and competence to evaluate the data.

misses the point of the juvenile code. In our examination of the new juvenile code, we have consistently adhered to the view that it was "designed to provide a new sentencing framework for the state's juvenile justice system". *State v. Bryan,* 93 Wn.2d 177, 183, 606 P.2d 1228 (1980). We have stated that "The legislature, through the Department of Social and Health Services, has established the standards [disposition ranges for juvenile offenders] with the expectations that they will be followed." *State v. Rhodes,* 92 Wn.2d 755, 758, 600 P.2d 1264 (1979). We have stated that "[W]e believe the legislature did not intend to accuse, treat and sentence juveniles the same as adult offenders" and that "the legislature has changed the philosophy and methodology of addressing the personal and societal problems of juvenile offenders, but it has not converted the procedure into a criminal offense atmosphere totally comparable to an adult criminal offense scenario." *State v. Lawley,* 91 Wn.2d 654, 656, 659, 591 P.2d 772 (1979).

At no time has there been the slightest suggestion by this court that the Juvenile Justice Act of 1977 was other than a comprehensive act to take care of juvenile offenders or that it was in any way related to the criminal statutes insofar as the punishment for juvenile offenders was concerned. *See* Becker, *Washington State's New Juvenile Code: An Introduction,* 14 Gonz. L. Rev. 289 (1978). This consistent understanding of the act has now been discarded by the majority.

The majority says, at page 90, a suspended sentence "does not appear to conflict with the purpose of RCW 13.40 as stated in RCW 13.40.010(2)". *See especially* RCW 13.40.010(2)(d) and (g). No doubt this is true. But, again, it is irrelevant. There may be any number of things which this court in its wisdom could declare to be consistent with the purposes of portions of RCW 13.40. However, the court need not draw on this reservoir of knowledge. The legislature has already stated the source of legislation relating to juvenile justice:

(2) It is the intent of the legislature that a system capable of having primary responsibility for, being accountable for, and responding to the needs of youthful offenders, as defined by this chapter, be established. It is the further intent of the legislature that youth, in turn, be held accountable for their offenses and that both communities and the juvenile courts carry out their functions consistent with this intent. *To effectuate these policies, it shall be the purpose of this chapter to*: [listing the purposes of the chapter].

(Italics mine.) RCW 13.40.010(2).

The policies of the juvenile justice act are to be effectuated by the provisions of the act, not by reference to other statutes concerning the sentencing disposition to be made of convicted criminals. The sentencing options are carefully and comprehensively spelled out in the statute. *See* RCW 13.40.020, .030, .160, .200. It is both unnecessary and improper to go outside of the act to dispose of the offender. There is no warrant for this court, using a misplaced analogy to the criminal statutes, to override the disposition policies of the juvenile code and thus to destroy the carefully wrought disposition procedures of RCW 13.40.

The majority relies on *State v. Norton*, 25 Wn. App. 377, 606 P.2d 714 (1980). That case is simply in error and should be either ignored or overruled. The *Norton* court stated correctly that the Juvenile Justice Act of 1977 "is part of a comprehensive revision of the juvenile justice system through which the legislature has substantially restructured the manner in which juvenile offenders are to be treated". *Norton,* at 379. So far so good. But then to hold as does the *Norton* court that because the compromise of misdemeanor statute RCW 10.22 is consistent with the purposes of the juvenile justice act and therefore the criminal disposition act can be transposed to the juvenile justice act, ignores the language and entire purpose of the juvenile justice act, not to mention the unwavering prior construction of the act by this court. Just as RCW 10.22 should not apply to the disposition of juvenile offenders, so should the

impact of RCW 9.92.060 be confined to adults who have been convicted of a crime.

I dissent.

UTTER, C.J., and BRACHTENBACH, J., concur with DOLLIVER, J.

Reconsideration denied May 20, 1981.