[No. 7753-5-III.   Division Three.   March 31, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. DARRIN LEE WHITE, *Appellant*.

*Daniel M. Arnold,* for appellant (appointed counsel for appeal).

*Dennis J. DeFelice, Prosecuting Attorney,* and *C. J. Rabideau, Special Deputy,* for respondent.

THOMPSON, A.C.J.—Darrin Lee White appeals his conviction on four counts of forgery for unauthorized use of cash machine cards. We reverse.

In October of 1985 Darrin White took cash machine cards from his sister and brother–in–law, Shauna and Philip Gelinas. He somehow obtained the correct secret access code and used the cards to withdraw money from the Gelinases' Old National Bank checking account. He was not authorized by either of the Gelinases or the Old National Bank to use the cards for such withdrawals. Money is obtained by inserting a cash machine card into the bank's cash machine and typing a 5– or 6–digit access number. The machine then directs the card user to designate how much money he or she wishes to withdraw. The machine then automatically dispenses the requested amount.

The Gelinases discovered the unauthorized use of their cards when they received their October and November statements from the Old National Bank, showing frequent withdrawals not made by them. When they confronted Mr. White, he admitted taking and using the cards. After a bench trial in juvenile court, Mr. White was found guilty of four counts of forgery.

The primary issue is whether the unauthorized use of a cash machine card constitutes forgery. The State's information charging Mr. White with several counts of forgery combined the language of three statutes: RCW 9A.60-.010(1)(b), RCW 9A.60.020(1)(b), and RCW 9A.56.010(3). RCW 9A.60.020, the forgery statute, makes it a class C felony to possess, utter, offer, dispose of, or put off as true a "written instrument" which the defendant knows to be

forged, with the intent to injure or defraud. The questions presented here are whether the cash card is a "written instrument", and whether the unauthorized typing of the secret access code constitutes the necessary statutory act of possessing, uttering, offering, disposing of, or putting off as true.

Mr. White argues since the statutes are ambiguous, they should be strictly construed against the State and thus the unauthorized use of a cash card is not forgery. We agree.

First, the forgery definition of "written instrument" includes "any credit card, as defined in RCW 9A.56-.010(3)" or any "token, stamp, seal, badge, trademark, or other evidence or symbol of value, right, privilege, or identification". RCW 9A.60.010(1)(b). While a cash machine card arguably could be "evidence or symbol of value, right, privilege, or identification", the contrary construction is also possible. Where two possible constructions are permissible, the rule of lenity requires us to construe the statute strictly against the State in favor of the accused. *State v. Gore*, 101 Wn.2d 481, 681 P.2d 227 (1984); *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978). Thus, we are constrained to hold the card is not "evidence or symbol of value, right, privilege, or identification".

The State argues the card is a "credit card" as defined by RCW 9A.56.010(3), and thus is a "written instrument" as defined by RCW 9A.60.010. However, the credit card definition is ambiguous. The "instrument or device" defined as a credit card, may be used for "obtaining money . . . either on credit or in consideration of an undertaking or guarantee by the issuer". RCW 9A.56.010(3). At first glance, this appears to involve the classic Visa or Master Card type transaction. While the State's interpretation is a plausible one, "fundamental fairness requires that a penal statute be literally and strictly construed in favor of the accused although a possible but strained interpretation in favor of the State might be found". *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986). Combining the three statutes and interpreting them as proposed by the State could sup-

port a conviction for forgery. To reach such a conclusion, however, we would have to engage in an unwarranted departure from determining the literal meaning and common understanding of the statutory provisions at issue. *State v. Bell,* 83 Wn.2d 383, 388, 518 P.2d 696 (1974). If the Legislature intends "written instruments" to include cash machine cards, it must make its intention clear. Proper judicial restraint prevents us from adopting the State's construction.

In addition, the State cannot prove a "forgery". A forged instrument is a written instrument that has been "falsely made, completed or altered". RCW 9A.60.010(7). Typing in the correct access code is not a false making. Even a signature that purports to be exactly what it is does not constitute forgery simply because it is unauthorized. *State v. Mark,* 94 Wn.2d 520, 618 P.2d 73 (1980) (construing former forgery statute). *See also State v. Sullivan,* 28 Wn. App. 29, 32, 621 P.2d 212 (1980). The use of access numbers may have been unauthorized, but they were not "forged". Nor was the card altered or incomplete. Its unauthorized use may have involved a crime, but it did not constitute forgery.

Reversed.

GREEN and MUNSON, JJ., concur.