[No. 4621-4-III.   Division Three.   January 20, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. GLEN OSCAR GILBERT, JR., *Appellant.*

---

*Edwin F. Alden* and *Westland, Liebler, Ivey & Alden,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Philip A. Meyers, Deputy,* for respondent.

McINTURFF, J.—Glen Gilbert appeals his convictions of first degree burglary and unlawful imprisonment.

During the fall of 1980, Mr. Gilbert was living with Patty Jo Putnum near Connell. They separated following an argument and Miss Putnum moved to the Tri–Cities and stayed with a friend, Michelle Baird, in a mobile home owned and occupied by her father, Robert Baird.

On December 11, 1980, Mr. Gilbert drove to the Tri–Cities with a friend, Robert Rogers, for the purpose of acquiring title to a truck he was trying to sell. Mr. Gilbert thought Miss Putnum had the title or knew where it was. Mr. Rogers approached the front door of the Baird residence and was met by Mr. Baird. Mr. Gilbert, who had been waiting in the car, saw Miss Putnum through the living room window, got out of the car, walked to the porch and demanded to speak with Miss Putnum. When Mr. Baird denied his request, an argument ensued which ended when Mr. Gilbert struck Mr. Baird.

Mr. Gilbert punched Mr. Baird twice and while he was down, kicked him at least twice in the face. Mr. Baird suffered a cracked cheekbone, a cracked nose, two black eyes, and a slight concussion. His injuries required his lip to be

stitched and a 3–day hospitalization.

After knocking Mr. Baird down, Mr. Gilbert entered the residence and found Miss Putnum in the back of the house. Michelle Baird stated he pushed open the bathroom door, grabbed Miss Putnum by her arm, took her down the hall and out of the mobile home. She also stated Miss Putnum was scared and asking for help.

Mr. Gilbert was charged with second degree assault, first degree burglary, and second degree kidnapping. The jury returned guilty verdicts for second degree assault, first degree burglary, and unlawful imprisonment.

Mr. Gilbert contends the State failed to prove all the elements of first degree burglary. He argues RCW 9A.52-.020 requires the person who is assaulted to be within the burglarized dwelling and, therefore, the statute is inapplicable to him because his altercation with Mr. Baird occurred outside of the mobile home.[1]

RCW 9A.52.020(1) provides:

> Burglary in the first degree. (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults *any person therein.*

(Italics ours.)

The issue presented is whether the word "therein" as used in "(b) assaults any person therein" refers only to a person who assaults another person "in the dwelling" or whether it refers to a person either "in the dwelling", "entering . . . the dwelling", or "in immediate flight therefrom". In resolving a question of statutory construction, the spirit and intent of the law should prevail over the letter of the law. *In re R.,* 97 Wn.2d 182, 187, 641 P.2d 704 (1982). Furthermore, if an act is subject to two interpretations,

---

[1]This same argument was presented in *State v. Byrd,* 25 Wn. App. 282, 287–88, 607 P.2d 321 (1980). However, its merits were not addressed because the case was decided on other grounds.

that which best advances the legislative purpose should be adopted. *Hart v. Peoples Nat'l Bank,* 91 Wn.2d 197, 203, 588 P.2d 204 (1978).

Criminal statutes must be given a literal and strict construction. *State v. Bell,* 83 Wn.2d 383, 388, 518 P.2d 696 (1974). However, a forced, overly strict construction should not be used to defeat obvious legislative intent. *State v. Rinkes,* 49 Wn.2d 664, 667, 306 P.2d 205 (1957).

Both first degree burglary, RCW 9A.52.020, and second degree burglary, RCW 9A.52.030,[2] make the act of entering or remaining unlawfully in a building a punishable crime. The element which distinguishes the two crimes is that first degree burglary requires the person to have been either armed with a deadly weapon or to have assaulted a person therein. We perceive the Legislature's intent in passing the first degree burglary statute as seeking to outlaw burglaries where the perpetrator is either armed with a deadly weapon or assaults someone during the course of the crime. Therefore, we hold the words "assaults any person therein" refer to any person who is assaulted while the perpetrator is entering the dwelling, while he is in the dwelling, or while he is in immediate flight from the dwelling. Hence, the statute was properly applied to Mr. Gilbert.

Mr. Gilbert's convictions are affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

MUNSON, A.C.J., and GREEN, J., concur.

---

[2]RCW 9A.52.030(1) provides:

"Burglary in the second degree. (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."