[No. 21779–8–I.   Division One.   July 31, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
ALAN HAYS, *Appellant.*

*Mark Theune, Kenneth A. Manni,* and *Cohen, Manni & Theune,* for appellant.

*David F. Thiele, Prosecuting Attorney,* for respondent.

WEBSTER, J.—Charles Alan Hays appeals his sentence of 28 months for two counts of statutory rape and one count of indecent liberties. He maintains that the trial court erred in sentencing him to a prison term rather than treatment under the special sexual offender sentencing alternative under RCW 9.94A.120(7)(a). We affirm.

## FACTS

Hays sexually molested an 11–year–old girl over a 2–year period. He admitted sexually assaulting her almost every day during certain periods, and estimated that he abused her 75 separate times.

The State charged Hays with two counts of statutory rape and one count of indecent liberties. Hays pleaded guilty to the crimes charged on September 18, 1987. That same day, Hays moved the court to order a psychological examination and preparation of a report to determine his amenability to treatment. The court granted the motion.

A social worker who treats sexual offenders examined Hays and prepared a report on November 30, 1987. She recommended that Hays receive treatment for a probationary period of 2 months with a recognized therapist. Hays began treatment on December 1, 1987, on a weekly basis. On January 17, 1988, the social worker prepared an addendum to her November 30 report. The addendum concluded that Hays had made satisfactory progress in treatment. The social worker echoed her earlier recommendation that treatment for Hays' sexual deviance would be preferable to incarceration, as the latter would likely amplify his problem and not ameliorate it. She recommended that Hays be

given a jail sentence to be served in a work release setting. She prescribed regular treatment sessions including a polygraph examination every 6 months and suggested that he also pay for his victim's treatment.

The social worker's reports were presented to the court in a sentencing hearing on January 22, 1988. At the hearings the victim's mother testified and asked for a stiff sentence. She stated, "[H]e's the type of person that unless he's absolutely forced, will not do anything." Although the record does not contain it, the victim herself wrote a short 2–paragraph letter which was presented to the court at the sentencing hearing.

The court imposed a prison term and rejected Hays' request to receive treatment. Hays brought a motion for reconsideration on February 12, 1988. At the motion, Hays and the social worker testified. Again, the social worker expressed her belief that Hays should be treated and not receive a prison sentence. She stated that if he were to go to prison, his deviance would likely be enhanced when he is released. The victim's mother also spoke at the hearing as to the seriousness of Hays' crimes and the effect it had made on the family.

## DISCUSSION

Hays argues that the statute which allows treatment as an alternative to a prison sentence for sex offenders requires a trial court to make findings as to whether the defendant and the community would benefit from the use of treatment. We disagree. The statute simply states that the trial court "shall then determine whether the offender and the community will benefit from use of this special sexual offender sentencing alternative." RCW 9.94A-.120(7)(a). The statute contains no express requirement for a trial court to enter findings. The statute simply requires the court to make a determination; the trial court has no statutory obligation to give reasons for its determination.

"[T]he judge is not required to state reasons for the decision or make findings to support it." D. Boerner, *Sentencing in Washington* § 8.3(b), at 8–8 (1985). The trial court did not err in not entering findings.

Hays maintains that the trial court's decision to impose a sentence within the standard range was "clearly erroneous" and "not supported by substantial evidence."

The special sexual offender sentencing alternative statute was invoked here when Hays requested a psychosexual examination following his plea of guilty to the charged crimes. RCW 9.94A.120(7)(a) states,

> After receipt of the reports [pertaining to defendant's amenability to treatment], the court shall then determine whether the offender and the community will benefit from use of this special sexual offender sentencing alternative. If the court determines that both the offender and the community will benefit from use of this provision, the court shall then impose a sentence within the sentence range and, if this sentence is less than six years of confinement, the court may suspend the execution of the sentence and place the offender on community supervision for up to two years.

■■ Sentencing is reviewed under the abuse of discretion standard—not, as Hays suggests, the substantial evidence or clearly erroneous tests. *See State v. Cunningham,* 96 Wn.2d 31, 34, 633 P.2d 886 (1981). "An abuse of discretion occurs only when the decision or order of the court is '"manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons"'." *Cunningham,* at 34 (quoting *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977)). "[D]iscretion is abused only where it can be said no reasonable man would take the view adopted by the trial court." *Blight,* at 41.

■ Hays argues in his brief that the only evidence the court had before it to determine whether the special sentencing alternative should be imposed was the report and testimony of the social worker. Hays is incorrect. At the sentencing hearing, the victim's mother testified, and a letter by the victim was also reviewed by the court. The trial court was statutorily required to consider statements made

by the victim, or a representative of the victim at the sentencing hearing. RCW 9.94A.110. We conclude that the Legislature intended the trial court to consider statements made by a victim or a representative of the victim—in addition to reports by social workers or psychologists—to determine if "the community will benefit" from the use of the sex offender sentencing alternative.

Here, while the record may contain uncontradicted testimony by the social worker showing that Hays would benefit from treatment, there are also facts in the record that the court could have relied upon to determine that the community would not benefit from treating Hays in lieu of a prison term. First, the victim's mother expressed concern about Hays' trustworthiness and future risk of harm. Second, the court learned of other instances where Hays sexually abused little girls. Third, having read the report and heard the social worker testify, the trial court was in the best position to weigh the evidence. The trial court was not bound by the expert's opinion. *State v. Toomey,* 38 Wn. App. 831, 837, 690 P.2d 1175, *review denied,* 103 Wn.2d 1012 (1984), *cert. denied,* 471 U.S. 1067 (1985). Finally, the victim's mother requested that the court impose a stiff sentence because of the aggravated nature of the crime and the hurt that it caused the family. She stated, "I really feel that he should be put away and made to really think about what he's done, because as far as I know, he doesn't feel that he did anything wrong to us, or anybody else." Hays committed the molestation during a period of over 2 years. The girl was 11 years old when the sexual molestation began. At times, Hays had kept the victim out of school so as to molest her. Hays believed that there were 75 separate acts of molestation, but the social worker estimated, based on reports from the victim, that there had been as many as 600. He had threatened to spank her if she did not comply. She would tell Hays to stop his activities, but he continued to force his attentions upon her.

18

We affirm and hold that the trial court properly considered facts in addition to the social worker's reports, including testimony of the victim's mother, when it concluded that the community would not benefit from Hays receiving treatment.

GROSSE, A.C.J., and FORREST, J., concur.