[No. 25595-9-I. Division One. April 29, 1991.]

THE STATE OF WASHINGTON, *Appellant,* v. CLETUS CONNER JACKSON, JR., *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Craig Peterson, Deputy,* for appellant.

*Richard M. Holt* and *Karen C. Lutz,* for respondent.

AGID, J.—The State appeals the trial court's sentencing of defendant Cletus Jackson under former RCW 9.94A-.120(7)(a), the special sexual offender sentencing alternative (SSOSA). The State asserts that the trial court erred in ruling that a defendant convicted of attempted second degree rape was eligible for sentencing under the SSOSA provision in effect at the time of Jackson's crime. We affirm.

On July 7, 1989, Jackson was charged by information with attempted rape in the second degree in violation of RCW 9A.28.020 (attempt) and RCW 9A.44.050(1)(a) (second degree rape). Jackson entered a plea of guilty under *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970) on October 25, 1989. In the Statement of Defendant on Plea of Guilty, Jackson stated, "I do not believe I am guilty of the crime charged because I do not

remember what happened that night." He later told the trial court that he did not remember what happened because he had been drunk.

Sentencing was held on January 19, 1990. Jackson had no prior convictions. Based on an offender score of 0 and a seriousness level of 8, the sentencing range was 15.75 to 20.25 months, with a 5–year maximum term. Defense counsel asked that Jackson be considered for an alternative sentence under SSOSA, arguing that Jackson had thought he would be eligible for SSOSA when he pleaded guilty. The State responded that SSOSA, which specifically excluded from eligibility defendants convicted under RCW 9A.44.040 (first degree rape) or RCW 9A.44.050 (second degree rape), was not available to Jackson and asked that Jackson serve 20 months in the Department of Corrections. The trial court ruled that a defendant convicted of attempted second degree rape, as opposed to the completed crime, could be considered for an alternative sentence under SSOSA.

Based on the evaluating doctor's determination that Jackson was amenable to treatment and that there was a high probability of successful treatment, the trial court sentenced Jackson to 20.25 months but suspended the sentence under SSOSA on the condition that Jackson serve 6 months in jail on work release and participate in the recommended treatment program following release. In sentencing Jackson, the trial court also considered that Jackson was regularly employed, had a supportive family structure and had voluntarily entered treatment for alcohol abuse after the attempted rape.

The SSOSA provision in effect at the time of Jackson's crime provided in pertinent part:

> When an offender is convicted of a sex offense other than a violation of RCW 9A.44.040 or RCW 9A.44.050 and has no prior convictions for a sex offense or any other felony sexual offenses in this or any other state, the sentencing court, on its own motion or the motion of the state or the defendant, may order an examination to determine whether the defendant is amenable to treatment.

> After receipt of the reports, the court shall then determine whether the offender and the community will benefit from use of this special sexual offender sentencing alternative. If the court determines that both the offender and the community will benefit from use of this provision, the court shall then impose a sentence within the sentence range and, if this sentence is less than six years of confinement, the court may suspend the execution of the sentence and place the offender on community supervision for up to two years.

RCW 9.94A.120(7)(a).[1] As a condition of the suspended sentence, the court may impose certain specified conditions, including outpatient or inpatient sex offender treatment. *See* RCW 9.94A.120(7)(a)(i)–(vi).

Because the State has not appealed the terms of the sentence imposed, the only issue in this case is whether, by virtue of the explicit exclusion of defendants convicted under RCW 9A.44.050 (second degree rape), defendants convicted of *attempted* second degree rape were also excluded from consideration under SSOSA.

■ The language of SSOSA in effect in 1989 is itself determinative on this issue. SSOSA excluded from consideration for an alternative sentence defendants "convicted of . . . a violation of RCW 9A.44.040 [first degree rape] or RCW 9A.44.050," presumably based on a legislative determination that defendants convicted of those crimes cannot be safely treated in the community. A defendant convicted of *attempted* second degree rape simply has not been "convicted of . . . a violation of . . . RCW 9A.44.050". In order to be convicted of second degree rape under RCW 9A.44-.050(1)(a), the State must prove that the defendant engaged in sexual intercourse with another person by forcible compulsion under circumstances not constituting rape in the first degree. In contrast, to convict a defendant of *attempted* second degree rape, the State must prove only

---

[1]The Legislature amended SSOSA in 1989 and 1990. *See* Laws of 1989, ch. 252, § 4, effective July 1, 1990; Laws of 1990, ch. 3, § 705, also effective July 1, 1990. The above–quoted language is from the statute in effect at the time of Jackson's crime. As discussed below, Jackson would have clearly been entitled to be considered for an alternative sentence under the SSOSA provisions currently in effect.

that the defendant took a *substantial step toward* engaging in sexual intercourse with another person by forcible compulsion. *See* RCW 9A.28.020(1) ("A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."). The State argues that, because a defendant cannot be convicted of an "attempt" in a vacuum, RCW 9.94A.120(7)(a) must be read to include attempts to commit first and second degree rape. This argument begs the question, however, because a defendant convicted of attempted second degree rape is not convicted of the statutory elements of second degree rape.

This point is brought home by the drastically different consequences of the two crimes. Second degree rape is a class B felony, RCW 9A.44.050(2), with a maximum punishment of 10 years in prison and a $20,000 fine, RCW 9A.20.021(1)(b). On the other hand, attempted second degree rape is a class C felony, RCW 9A.28.020(3)(c), with a maximum punishment of 5 years in prison and a $10,000 fine, RCW 9A.20.021(1)(c). These are not the same crimes.

When Jackson pleaded guilty, his plea was to the elements of an attempt—a substantial step toward sexual intercourse by forcible compulsion. He did not plead guilty to the elements of a completed rape as defined by the Legislature in RCW 9A.44.050(1)(a). Both his plea agreement and the sentencing documents prepared by the prosecutor reflect that the maximum punishment for his conviction is 5 years in prison and a $10,000 fine, the maximum punishment established for class C felonies. In fact, the plea agreement Jackson signed originally recited maximums of 10 years and $20,000, the maximum punishment for a class B felony such as second degree rape. These were crossed out on the plea agreement and the maximums for a class C felony substituted. Because Jackson did not plead guilty to, and therefore was not convicted of, second degree rape under RCW 9A.44.050, he was eligible for consideration by the trial court of an alternative sentence under the 1989 SSOSA provision.

Other provisions of the Sentencing Reform Act of 1981 (SRA), of which SSOSA is part, are consistent with our holding. After the Legislature first enacted the SRA, there was confusion over whether anticipatory crimes were included in the definition of "serious violent offense," whether they were eligible for a deadly weapon enhancement, and how they should be counted in the offender score. Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* § 9.94A.030 comment, at II–10 to II–11 (1988) (hereinafter *Implementation Manual*). In 1986, the Legislature amended the SRA to clarify that an anticipatory offense is considered the same as the completed crime in determining whether the crime is a serious violent offense, warrants a longer sentence for a deadly weapon allegation, or increases the offender score. Laws of 1986, ch. 257, §§ 17, 22, 23, 24, 25 and 29, now codified at RCW 9.94A.030(27); RCW 9.94A.310(2), (3), (4); RCW 9.94A.360(5), (7); RCW 9.94A.410; *see also Implementation Manual,* at II–11. Significantly, the reference in SSOSA to first degree and second degree rape was not amended at this time.

More recent amendments to SSOSA also make it clear that the Legislature did not intend to exclude defendant's conviction of attempted second degree rape from consideration for an alternative sentence.[2] In 1990, the Legislature amended SSOSA to exclude only defendants convicted of first degree rape and "serious violent offenses", such as attempted first degree rape, from eligibility under SSOSA. *See* Laws of 1990, ch. 3, § 705. The completed crime of second degree rape is no longer excluded from SSOSA eligibility. This change was presumably intended to reconcile SSOSA with the categorization of offenses under the SRA which makes first degree rape and attempted first degree rape more serious crimes than second degree rape.

---

[2]Subsequent amendments of statutes may be considered by the court in determining the precise intent of the Legislature if that intent is questionable. *Rozner v. Bellevue,* 116 Wn.2d 342, 347–48, 804 P.2d 24 (1991).

■ Both the 1986 amendments to the SRA and the 1990 amendments to SSOSA indicate that the Legislature has never intended to exclude attempted second degree rape from eligibility for consideration under the 1989 SSOSA provision. *See, e.g., Mahoney v. Shinpoch,* 107 Wn.2d 679, 684–85, 732 P.2d 510 (1987) (applying the principle *"expressio unius est exclusio alterius"*, court held that if Legislature had wanted to mandate reduction of a certain benefit, it would have used express language to that effect); *State v. Greco,* 57 Wn. App. 196, 201–02, 787 P.2d 940 (specific inclusion of one item in a category excludes implication of other items in the same category), *review denied,* 114 Wn.2d 1027 (1990).

■ The public policy underlying SSOSA also supports the conclusion that the Legislature did not intend to exclude attempted second degree rape from the 1989 SSOSA provision and that defendants convicted of attempted second degree rape were eligible for consideration for an alternative sentence. Prior to enactment of the SRA, Washington's sentencing system relied heavily on various forms of compelled treatment within an indeterminate sentencing system. *See* D. Boerner, *Sentencing in Washington* § 8.1, at 8–1 (1985). In its initial legislative proposal for the SRA, the Sentencing Guidelines Commission included sex offenses in the same determinate sentencing system applicable to all other offenses. However, professionals involved in the treatment of sex offenders, advocates for sexual assault victims and the Superior Court Judges Association supported the continuation of mandatory treatment of some kind for sex offenders. D. Boerner, § 8.1, at 8–1 to 8–2. These groups recommended that sex offenders be treated differently from other offenders because of their belief that a sex offender's behavior is compulsive and likely to continue without treatment and that providing alternatives to confinement had resulted in increased reporting of sex crimes, especially in the case of intrafamily abuse. The Commission therefore recommended a series of amendments to the SRA in 1984 providing for an

array of sentencing alternatives available only to sex offenders. D. Boerner, § 8.1, at 8–2. SSOSA was part of these recommended amendments, which were adopted without change by the Legislature. Interpreting SSOSA broadly to give a trial court the option of alternative sentencing when a court determines that it would be in the best interest of the offender and the community to do so furthers the public policy underlying SSOSA.

In contrast, construing the 1989 SSOSA provision to exclude defendants convicted of attempted second degree rape when the Legislature has not clearly expressed its intent to do so restricts unnecessarily the legislative determination that trial courts should be permitted to *consider* a treatment alternative if the defendant and the community would benefit. Where a statute is subject to two interpretations, that interpretation which best advances the legislative purpose should be adopted. *See State v. Gilbert,* 33 Wn. App. 753, 755–56, 657 P.2d 350 (1983).

Finally, even if there were a question over whether defendants convicted of attempted second degree rape were eligible for consideration under the 1989 SSOSA provision, the rule of lenity would mandate affirmance in this case. Courts have long held that where a criminal statute is subject to two possible constructions, the rule of lenity requires courts to construe the statute strictly against the State and in favor of the accused. *See, e.g., State v. Hornaday,* 105 Wn.2d 120, 127, 713 P.2d 71 (1986); *State v. Gore,* 101 Wn.2d 481, 485–86, 681 P.2d 227, 39 A.L.R.4th 975 (1984); *State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978); *State v. Bell,* 83 Wn.2d 383, 388, 518 P.2d 696 (1974); *State v. Kenney,* 52 Wn. App. 193, 194, 758 P.2d 989 (1988). The rule of lenity applies to statutes specifying the penalty imposed as well as statutes defining the offense. *See Workman,* 90 Wn.2d at 454. The policy behind the rule of lenity is to place the burden squarely on the Legislature to clearly and unequivocally warn people of the actions that expose them to liability for penalties and what those penalties are. *State v. Knowles,* 46 Wn. App. 426, 432, 730 P.2d

738 (1986). The rule of lenity therefore requires us to resolve any possible ambiguity in the 1989 SSOSA provision against the State and in favor of Jackson.

In summary, based on the language, the legislative history and amendments, and the underlying public policy of the SRA and its SSOSA provision, as well as established principles of statutory construction, we hold that Jackson, having been convicted of attempted second degree rape, was eligible for consideration for an alternative sentence under the 1989 SSOSA provisions. The State does not argue, and we do not consider, whether the trial court properly imposed an alternative sentence based on the facts and circumstances of this particular case. Such a determination is committed to the sound discretion of the trial court and is reversible only for abuse of discretion. *See State v. Hays,* 55 Wn. App. 13, 16, 776 P.2d 718 (1989). We hold only that defendants convicted of attempted second degree rape are not excluded as a matter of law from consideration for an alternative sentence under the pre–1990 SSOSA provisions.

WEBSTER, A.C.J., and COLEMAN, J., concur.