[Nos. 14998-6-III; 15206-5-III.    Division Three.    January 28, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. FENCER
CLAY FRAZIER, *Appellant.*

*In the Matter of the Personal Restraint of* FENCER
CLAY FRAZIER, *Petitioner.*

*Hugh M. Spall, Jr.*, for appellant/petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify* and *Lauri M. Boyd, Deputies,* for respondent.

SWEENEY, C.J. — The State charged Fencer Clay Frazier with first degree rape of a child. Mr. Frazier testified that he did not commit the rape. A jury found him guilty. The court ordered a special sexual offender sentencing alternative (SSOSA) evaluation pursuant to former RCW 9.94A.120(7) (now RCW 9.94A.120(8)). The evaluator concluded that Mr. Frazier was amenable to treatment. The court nonetheless refused the SSOSA for Mr. Frazier because Mr. Frazier denied committing the crime and only confessed after he was convicted.

The question presented here is whether the sentencing court is limited to the statutory factors when exercising its discretion not to sentence under SSOSA. We conclude that it is not and affirm.

## DISCUSSION

Mr. Frazier argues that the court's exercise of discretion for SSOSA is controlled by and limited to consideration of only those factors set out in the SSOSA statute. It is not.

We review a trial court's refusal to order alternative treatment under the SSOSA for an abuse of discretion. *State v. Hays*, 55 Wn. App. 13, 16, 776 P.2d 718 (1989); *see State v. Jackson*, 61 Wn. App. 86, 94, 809 P.2d 221 (1991).

The SSOSA requires that the court

consider whether the offender and the community will benefit from use of this special sexual offender sentencing alternative and consider the victim's opinion whether the offender should receive a treatment disposition under this subsection. If the court determines that this special sex offender sentencing alternative is appropriate, the court shall then impose a sentence within the sentence range.

Former RCW 9.94A.120(7)(a)(ii) (now RCW 9.94A.120 (8)(a)(ii)).

██ But SSOSA does not limit the court to those factors. *See Hays*, 55 Wn. App. at 15-16 (holding that the trial court does not have any statutory obligation to give reasons for its determination or to enter any findings). Even if it did, the court's finding here that Mr. Frazier lied while testifying and denied committing the offense until after his conviction suggests that neither Mr. Frazier nor the community would benefit from a SSOSA sentence. And the court's findings therefore amply support the sentencing court's discretionary decision not to order SSOSA. The victim's mother also wanted him to go to prison rather than receive the SSOSA. This is also a valid consideration. *See Id.* at 17-18 (court's refusal to sentence under the SSOSA appropriate when court considers testimony from the mother of the victim requesting a stiff sentence).

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SCHULTHEIS, J., and MUNSON, J. Pro Tem., concur.

Review denied at 132 Wn.2d 1007 (1997).