**FILED**

**MAY 23, 2013**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30283-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER RANDALL BORING, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Christopher Boring argues that his guilty plea was invalid because trial counsel failed to inform him about the potential sentencing consequences of pleading guilty to crimes with aggravating circumstances. Concluding that he was aware of the sentencing consequences, we affirm.

## BACKGROUND

Mr. Boring worked as a supervisor at Hewes Marine Company (Hewes), a family-owned business that manufactures and sells aluminum fishing boats in Colville. He had worked there for a number of years before he was caught selling Hewes's aluminum to a recycling company in Spokane. It was alleged that he sold more than $200,000 worth of aluminum between August 2007 and August 2010.

The State charged Mr. Boring with aggravated first degree theft and aggravated first degree trafficking in stolen property.[1] Both crimes were alleged to be major economic offenses because

> [they] involved multiple victims or multiple incidents per victim; [they] involved . . . actual monetary loss substantially greater than typical for the offense; [t]hey involved a high degree of sophistication or planning or occurred over a lengthy period of time; or [t]he defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense.

Clerk's Papers (CP) at 2.

Mr. Boring agreed to plead guilty to the aggravated charges in exchange for the State's agreement to recommend 48 months in prison and not file additional charges. At the plea hearing, the judge asked Mr. Boring whether he had gone over the plea agreement with his attorney, whether he had any questions, whether he understood that he was waiving certain constitutional rights, and if he understood that the court would sentence him. Mr. Boring answered yes to each question before the plea was accepted.

The prosecutor recommended 48 months' incarceration at sentencing. The judge noted that "[t]his is the largest—by duration, number of criminal occurrences and dollar amounts—theft and trafficking case in [that jurisdiction] over the last twenty years," and that "an exceptional sentence will promote respect for the law and is commensurate with

---

[1] Mr. Boring's wife, Jody Boring, was found guilty of second degree trafficking in stolen property at trial. Her appeal, cause no. 30280-6-III, is linked with this case for consideration.

2

punishments imposed in other embezzlement cases over those years." CP at 151-52. The judge concluded that justice would be best served by imposing an exceptional sentence of 72 months.

Mr. Boring timely appealed to this court.

ANALYSIS

Mr. Boring alleges his trial counsel performed ineffectively by not warning him about the possibility of being sentenced to more than the 48 months the plea agreement recommended and, therefore, he should be allowed to withdraw his plea to avoid a manifest injustice.

Due process requires that a guilty plea be knowing, voluntary, and intelligent. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). A defendant may withdraw a guilty plea if necessary to correct a manifest injustice. *Id.* at 298. There are four nonexclusive indicia that can independently establish a manifest injustice: (1) the plea was not ratified by the defendant, (2) the plea was not voluntary, (3) effective counsel was denied, or (4) the plea agreement was not honored. *State v. Marshall*, 144 Wn.2d 266, 281, 27 P.3d 192 (2001), *abrogated by State v. Sisouvanh*, 175 Wn.2d 607, 290 P.3d 942 (2012).

There is a strong presumption of attorney competence. *State v. Jamison*, 105 Wn. App. 572, 590, 20 P.3d 1010 (2001). The appellant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) counsel's poor

3

work prejudiced him, which in the context of guilty pleas means that but for counsel's deficient performance, he would not have entered a guilty plea. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Garcia*, 57 Wn. App. 927, 932, 791 P.2d 244 (1990).

At the plea hearing, the court engaged in a colloquy with Mr. Boring to determine whether his change of plea was knowing, voluntary, and intelligent. The court explained the Statement of Defendant on Plea of Guilty. The court went on to explain the sentencing options, stating:

> Now the penalty here we already talked about this a little bit but would be 2 to 6 months on Count One and 6 to 12. That's the standard range we call it and those would run concurrently but here there's a unique feature that there are some aggravating factors that this is a uh large scale economic offense, major economic offense it's called so that means that uh in this instance uh the Court could uh theoretically uh enter a sentence up to the statutory maximum. Now these are Class B felonies?
> . . . .
> So that would be then ten (10) years uh or one hundred twenty (120) months. You understand that?

Report of Proceedings (Jul., 22, 2011) at 12. Mr. Boring responded that he understood, and later told the court he felt like he had had the benefit of counsel, been able to consider his options, and this was what he wanted to do.

Additionally, the Statement of Defendant on Plea of Guilty recites: "The judge does not have to follow anyone's recommendation as to sentence. . . . The judge may also impose an exceptional sentence above the standard range if the State has given notice that

4

it will seek an exceptional sentence, the notice states aggravating circumstances upon which the requested sentence will be based, and facts supporting an exceptional sentence are proved beyond a reasonable doubt to a unanimous jury, to a judge if I waive jury, or by stipulated facts." CP at 68-69. Mr. Boring signed this statement, indicating his lawyer explained the statement and that he understood the entire statement.

The record strongly establishes that Mr. Boring was advised, both in writing and orally, that his pleas of guilty could potentially result in a sentence of up to 10 years per count. Furthermore, Mr. Boring has presented no evidence, other than his bare assertions, that trial counsel did not explicitly warn him that he could be given a sentence longer than 48 months if he pleaded guilty. Mr. Boring has failed to show that his trial counsel was ineffective and therefore has not shown a manifest injustice requiring withdrawal of his plea.

*Statement of Additional Grounds*

Mr. Boring also filed a Statement of Additional Grounds (SAG) in which he argues five grounds for a new sentence or withdrawal of his plea. He claims he was entitled to two different statutory sentencing alternatives, he received ineffective assistance of counsel, his Sixth Amendment right to a jury was violated, and his sentence was not in accordance with the sentencing grid pursuant to RCW 9.94A.510. We will briefly address each of these claims.

5

The first-time offender waiver is found in RCW 9.94A.650, which gives a sentencing court the ability to waive the standard range sentence for nonviolent offenders convicted of a felony for the first time. Generally, a party cannot appeal a trial court's refusal to impose an exceptional sentence or to use a sentencing alternative. *E.g., State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994) (exceptional sentence); *State v. Frazier*, 84 Wn. App. 752, 753, 930 P.2d 345 (1997) (special sexual offender sentencing alternative). However, appellate review is permitted when a court either refuses to exercise discretion or relies on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). When a trial court that has considered whether there is a basis to impose an exceptional basis and determined that there is no legal or factual basis for an exceptional sentence, it has exercised its discretion and the defendant may not appeal that ruling. *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

At the sentencing hearing, both the State and defense counsel addressed the first-time offender waiver. The court considered the first-time waiver alternative, indicating that although defense counsel did not specifically request the waiver, the court would have declined to apply it in any event because it was not appropriate here. The court clearly considered the option, exercised its discretion, and Mr. Boring may not appeal that ruling.

Mr. Boring also claims he qualified for the parenting sentencing alternative and the trial court erred by not sentencing him under that alternative. The parenting sentencing alternative is found in RCW 9.94A.655, which provides in part:

> (1) An offender is eligible for the parenting sentencing alternative if:
> (a) The high end of the standard sentence range for the current offense is greater than one year.

Mr. Boring did not qualify for this alternative because the standard range for the first degree theft count was zero to three months and the standard range for the first degree trafficking count was six to twelve months. Since the high end of the standard range was not greater than one year for either of these offenses, Mr. Boring was not entitled to this sentencing alternative and the trial court did not err.

Mr. Boring argues next that he received ineffective assistance of counsel because counsel failed to discuss appeal procedures and withdrew six days after sentencing, leaving Mr. Boring to appeal pro se with no knowledge of the process. However, Mr. Boring has failed to show counsel's performance was deficient for withdrawing at that time, or that he was prejudiced in any way.

Mr. Boring also claims that under RCW 9.94A.535(3)(d) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), he should have been sentenced in front of a jury of his peers to determine whether an exceptional sentence was justified. Mr. Boring is correct that normally an exceptional sentence may be imposed on the grounds that the offense was a major economic offense only if the

7

No. 30283-1-III
State v. Boring

aggravating factor is found by a jury. However, he pleaded guilty to the aggravated charges. A jury finding is not necessary where the defendant pleaded guilty to the aggravating circumstances. RCW 9.94A.537(3).

Finally, Mr. Boring asserts his sentence was not in accordance with the standard sentencing grid. RCW 9.94A.510. His argument ignores the fact that he pleaded guilty to aggravating circumstances on each count which allowed the court to impose an exceptional sentence above the standard range.

The arguments presented in the SAG are without merit.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Korsmo, C.J.

WE CONCUR:

_____
Kulik, J.

_____
Siddoway, J.

8