IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81313-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS TYLER BULLINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Travis Bullington challenges his standard range sentence arguing that the trial court erred by failing to adequately consider the RCW 9.94A.670(4) factors in denying his request for a special sex offender sentencing alternative (SSOSA). But in its decision, the court considered documents addressing the statutory factors, noted the purpose of the statute and the community benefit factor, and gave "great weight" to the victim's opinion. The court was not required to provide a more detailed explanation for its decision and did not abuse its discretion in denying Bullington a SSOSA.

Therefore, we affirm.

FACTS

In April 2016, Travis Bullington[1] sexually molested 7-year-old Z.H. A few months later, Z.H. disclosed the incident to her mother, and the police were contacted. After the

---

[1] Travis Bullington legally changed his name to Travis Hogan. But because the trial court captioned this case State v. Bullington, we refer to the appellant as Travis Bullington for clarity.

police served a search warrant on Bullington, he jumped or fell from an overpass.  As a result, he is quadriplegic.  Following a stipulated facts bench trial, Bullington was found guilty of first degree child molestation.  He requested a SSOSA pursuant to RCW 9.94A.670(4).  Both Z.H. and her mother submitted statements in opposition.

In rendering its decision, the court acknowledged that the "attorneys have correctly cited the statute at issue here, RCW 9.94A.670(4), and it provides the factors that the court is to look at in considering whether or not an SSOSA is appropriate."[2] The court also considered documents addressing the statutory factors, noted the purpose of the SSOSA statute and the community benefit of a SSOSA compared to the community benefit of other treatment programs, and the statements the court received from Z.H. and her mother.  The court emphasized that in accordance with the statute, "great weight" is to be placed on the victim's opinion.[3]

The court rejected Bullington's request for a SSOSA.  Due to Bullington's physical condition, the court sentenced him to the low end of the standard range, 72 months to life.

Bullington appeals.

ANALYSIS

We review the trial court's denial of a defendant's request for a SSOSA for abuse of discretion.[4]  "A court abuses its discretion if it categorically refuses to impose a particular sentence or if it denies a sentencing request on an impermissible basis."[5]

---

[2] Report of Proceedings (RP) (Mar. 5, 2020) at 16-17.

[3] Id. at 17.

[4] State v. Adamy, 151 Wn. App. 583, 587, 213 P.3d 627 (2009).

[5] State v. Osman, 157 Wn.2d 474, 482, 139 P.3d 334 (2006).

"Generally, a defendant cannot appeal a sentence within the standard range."[6]  But a defendant may appeal if the court failed to comply with the procedural requirements of the Sentencing Reform Act.[7]

Bullington argues that the trial court erred in denying him a SSOSA because the court failed to consider "all the factors" required by RCW 9.94A.670(4).[8]  Specifically, he contends that the court erred in denying him a SSOSA because the court only considered the community benefit factor and the victim's opinion.  Because the record establishes the court adequately considered the statutory factors, Bullington's argument is unavailing.

Under RCW 9.94A.670(4), in deciding whether to issue a SSOSA, the court "shall consider" the following nonexclusive factors: (1) whether the offender and the community will benefit from the alternative, (2) whether the alternative is too lenient compared to the offense, (3) whether the offender has other victims, (4) whether the offender is amenable to treatment, (5) whether the offender would present a risk to the community or the victim, and (6) whether the victim believes the offender should receive a treatment disposition.  The court must "give great weight to the victim's opinion whether the offender should receive a treatment disposition under this section."[9]  Most importantly, only if the court imposes a sentence contrary to the victim's opinion must it

---

[6] Id. at 481.

[7] Id. at 481-82.

[8] Appellant's Br. at 2.

[9] RCW 9.94A.670(4).

state its reasons or enter findings of fact.[10]

During sentencing, the court acknowledged RCW 9.94A.670(4) contains a list of factors to consider, and then stated it considered exhibit 1, which included the stipulated facts of Bullington's offense, the number of victims, and the presentence investigation report on Bullington.[11] The presentence investigation report also included the details of his crime, as well as a sexual behavior evaluation that "assess[ed] [his] treatment needs, his amenability to treatment, and his safety to be in the community."[12] The court considered letters from Z.H. and her mother urging imposition of a lengthy period of incarceration, and it considered Bullington's history of a substance use disorder. In its oral ruling, the court discussed the purpose of the statute, the "community benefit" factor of RCW 9.94A.670(4), and the difficulty of determining "a person's behavioral health needs when they have committed a sex offense."[13] The court expressly gave "great weight" to Z.H.'s opinion.[14]

Because the court was aware of RCW 9.94A.670(4), considered documents addressing the statutory factors, expressly addressed the purpose of the statute and the community benefit factor, and gave "great weight" to the victim's opinion, the court did

---

[10] State v. Hays, 55 Wn. App. 13, 16-17, 776 P.2d 718 (1989) (citing former RCW 9.94A.120(7)(a)); RCW 9.94A.670(4).

[11] See RP (Mar. 5, 2020) at 19 (court explaining it would impose conditions of community custody from the presentence investigation report); Clerk's Papers (CP) at 212 (judge's signature on the cover page of the presentence investigation report).

[12] CP at 224.

[13] RP (Mar. 5, 2020) at 16-17.

[14] Id. at 17.

not deny Bullington a SSOSA on an impermissible basis. The court was not required to enter comprehensive findings or to provide a more detailed explanation of its reasons.

The trial court did not abuse its discretion in denying Bullington a SSOSA.[15]

Therefore, we affirm.

_____

WE CONCUR:

_____          _____
                                                    Andrus, A.C.J.

---

[15] Bullington, relying entirely on secondary sources, also contends that he should have been sentenced under the SSOSA because recent statistics establish that sex offenders subjected to incarceration have a higher rate of recidivism than sex offenders who are granted a sentencing alternative. But as discussed, RCW 9.94A.670(4) only lists factors for the court to consider in determining whether a SSOSA is appropriate. Because .670(4) does not require the court to consider policy-based statistics, Bullington's argument is not compelling.